## NEWELL vs. NEWELL.

In a suit to annul a marriage on the ground of the physical incapacity of the defendant, if the answer admits the present incapacity, but denies that it existed at the time of the marriage, and the nature of the incapacity is such as to render a surgical examination of the defendant necessary, in connection with a personal examination on oath as to the commencement and progress of the disease which has created the incapacity, the court will direct the defendant to submit to such examination, although she has been previously examined ex parte and without oath by her own medical attendants.

The bill in this cause was filed by the husband, against his wife, to annul their marriage contract, on the ground of

the physical incapacity of the wife. On the coming in of the answer, the complainant applied for an order, directing the defendant to submit to a surgical or medical examination ; for the purpose of enabling him to satisfy the court of the existence of the alleged incapacity at the time of the marriage. The wife admitted her present incapacity for matrimonial intercourse ; but denied that any such incapacity existed at the time of her marriage. She also produced the certificate of two medical gentlemen, who had examined her recently, stating their belief that her incapacity had arisen since the marriage.

*M. T. Reynolds,* for the complainant.

*Otis Allen,* for the defendant.

THE CHANCELLOR. It is evident from the bill and answer and other papers before me, that justice to both parties requires that physicians of intelligence and skill, who by study or practice have made themselves well acquainted with the nature and progress of the disease which has caused the defendant's present incapacity, should be permitted to examine her. And, under the peculiar circumstances of this case, the complainant ought not to be compelled to leave the decision of his cause to rest solely upon the ex parte examination made by the physicians who have been selected by the wife, for that purpose, without his knowledge or concurrence. The complainant should also be permitted to avail himself of the answers of his wife, upon oath, as to the commencement and progress of the disease, to enable the professional witnesses to form correct opinions as to the probability or improbability of the existence of her physical incapacity at the time of the marriage.

The defendant must therefore submit to such an examination by one or more respectable gentlemen of the medical profession, who may be named for that purpose by the husband, with the sanction of the court. And if the com-

plainant thinks proper to propound interrogatories to be answered by her in connection with such examination, she must answer such interrogatories on oath, to be taken before some proper officer; such interrogatories to be previously settled by a master. Such medical attendants as she may think proper to call in are also to be permitted to be present, at the time of her examination by the complainant's professional witnesses.

As the defendant is now in Connecticut, and from the state of her health cannot reasonably be required to come here for examination, the complainant must procure the attendance of competent physicians from the neighborhood of her present residence, to make the examination; or must himself be at the expense of sending his professional witnesses from this state to where she now is, to examine her. The interrogatories to be propounded to her must be such only as relate to this alleged incapacity, and the commencement and progress of the disease by which it has probably been produced. And if the parties cannot agree upon the proper interrogatories, after having consulted with their physicians on the subject, the master in settling the interrogatories to be propounded to the defendant in connection with her examination by medical gentlemen, is to be at liberty to summon before him, and examine on oath, any physicians or surgeons; to enable him to decide what interrogatories may be necessary or proper to be allowed.

If the parties cannot make an amicable arrangement between themselves in relation to this professional examination, the court will make the necessary order in the premises; in accordance with these principles. The examination must be completed by the complainant within a reasonable time. And to compel a compliance with the order, on the part of the defendant, as she is not within the jurisdiction of this state, the allowance for her alimony must be suspended until she consents to the examination directed by the court.

To save any unnecessary wounding of the feelings of the defendant, in a matter which is the misfortune of both

parties, and probably in a case where there was originally no fault on the part of either, it is recommended to them to agree upon some two or more skilful physicians and surgeons, to make the examination, and to settle the necessary interrogatories for the defendant to answer in connection with such examination. And a commission may then be issued to one of those gentlemen to take the defendant's answers to the interrogatories, at the time of her personal examination.

Entry of the order is to be suspended, to enable the parties to comply with this suggestion.