(21 Misc. Rep. 506.)

## CAHN v. CAHN.

(Supreme Court, Special Term, New York County. October, 1897.)

ANNULMENT OF MARRIAGE—PHYSICAL DISABILITY—REQUIRING SURGICAL EXAMINATION—JURISDICTION.

    The court has power to direct and enforce by contempt proceedings a surgical examination of the person of defendant in an action for the annulment of marriage on the ground of physical disability, though Code Civ. Proc. § 873, does not provide for such an examination.

Action by Anna Cahn against Joseph Cahn for the annulment of the marriage between plaintiff and defendant, on the ground of defendant's physical disability. Plaintiff moves for a surgical examination of the person of defendant. Motion granted.

Henry W. Mayer, for plaintiff.

A. B. Osgoodby, for defendant.

RUSSELL, J. This court is asked, in an action for the annulment of marriage on the ground of physical disability of the defendant at the time of the marriage, and since continued, to direct a surgical examination of the person of the defendant, in aid of the charge which is the foundation of the action. The plaintiff seems to be acting in good faith in presenting her grievances to this court, and has herself submitted to a physical examination to produce evidence by medical experts to show that she was virgo intacta, although married to the defendant on the 19th day of June, 1895, and living with him from that time as his wife until shortly before the commencement of this action, in September, 1897. She also deposes to admissions of the defendant of his regrets as to his inability to properly

consummate the marriage, and that he had already consulted physicians, who pronounced his case incurable. The defendant demurred to the complaint, but, on that being overruled, has put in no answer. He resists this application, by counsel, on the ground that the Code of Civil Procedure does not provide for such an examination. This is true, as section 873 refers only to examinations of the kind in cases of demands for personal injuries. It becomes essential, therefore, to refer to the equity power of the court in order to ascertain whether this power exists in aid of the recognized jurisdiction of the court to annul marriages in cases like this, where the marriage should be set aside even if the defect was not known to the party complained of at the time of the marriage, and where, if it was known, the ceremony became a fraud. It is an extreme exercise of the directing power of the court, which, if used, must necessarily proceed to contempt proceedings in case of refusal, because no penalty of striking out an answer in case of the disobedience would be of avail, as the defendant does not care to put in an answer, knowing well that proof must be made of the existence of the cause for invoking the relief demanded, and such proof cannot be made without an examination of his person. No admissions by way of consent to effect annulment of a marriage are sufficient for that purpose, and herein lies the absolute necessity for the use of the remedy asked to justify the existence of the jurisdiction of the court to afford appropriate relief.

I am not aware of any decision of the courts of this state since the adoption of our Code of Procedure in 1848 which provides for such an emergency. The inherent power of the court, however, has been held not to extend to an examination of the person by surgeons in an action for personal injuries. McQuigan v. Railroad Co., 129 N. Y. 50, 29 N. E. 235. This decision was made in review of a decision before the statute allowing such examination, and recognized that there is no such peculiar necessity for it as in a case like the one at bar. Other evidence of the extent of the injuries can be given in such cases, and the same requirements as to the conclusive character of the testimony to be presented are not necessary in such actions as in those annulling or dissolving the marital relation. A similar conclusion was reached in the case of Railway Co. v. Botsford, 141 U. S. 250, 11 Sup. Ct. 1000. But in the former court of chancery, by a decision made by the chancellor in 1836, the jurisdiction of the court was upheld on account of its necessity to direct and enforce a surgical examination of the person of the defendant in such an action as this. Devanbagh v. Devanbagh, 5 Paige, 554. And such power was again upheld by him in 1841. Newell v. Newell, 9 Paige, 25. Without the exercise of such a power, the court would be impotent to decree annulment of marriages obtained by fraud of this nature. The defendant could simply resist the sufficient proof, obtainable alone by an examination of his person, relying upon the well-known rule of the courts to refuse annulment of the sacred tie of marriage unless upon satisfactory proof, and thus hold the innocent consort to the perpetual burden of a marriage with a sexless husband. The motion for an

examination by a competent surgeon before a referee named by this court is therefore granted.

Motion granted.