(103 App. Div. 168.)

## GORE v. GORE.

(Supreme Court, Appellate Division, Third Department. March 8, 1905.)

MARRIAGE—ANNULMENT—IMPOTENCY—SURGICAL EXAMINATION OF DEFENDANT.
In a suit to annul a marriage on the ground of impotency, though the plaintiff is entitled to an order requiring the defendant to submit to a physical examination by surgeons, the examination, including the testimony of the surgeons, should not, in the absence of peculiar features, be had other than before the court, or at any other time than during the progress of the trial or the taking of evidence on default.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, § 92.]

Appeal from Special Term.

Action by Ella E. Gore against Franklin P. Gore to annul a marriage. From an order requiring defendant to submit to a physical examination, defendant appeals. Modified.

See 92 N. Y. Supp. 634.

The action is brought by the wife to annul her marriage to defendant on the ground of his physical incapacity and impotency. The husband answers, admitting that the parties were married on April 15, 1903, and denying all the other charges in the complaint. The plaintiff thereupon, on her affidavit, verified May 14, 1904, to the effect that it is necessary that she should have a physical examination of the defendant, showing his past and present physical condition, in order to prepare for the trial and to properly conduct the same, and on the affidavit of her attorney, verified May 16, 1904, to a similar effect, and on the pleadings in the action, procured an order upon notice to the defendant's attorneys at a Special Term of this court requiring the defendant to appear before a referee named at a time and place fixed therein, and submit to a surgical examination as to the matters contained in said complaint; such examination to be conducted by two physicians and surgeons therein named and residing in the city of Ogdensburg, N. Y. The order further provides as follows: "That said physical examination be limited to the physical condition of the said defendant previous to the commencement of this action and during all of the lifetime of said defendant, and the physical condition of said defendant at the time of said marriage and ever since and at the present time; and, for the purpose of assisting said physicians in said examination, said defendant, Franklin P. Gore, may be examined and his deposition taken as to the facts, duration, and extent of his said physical disability; and that the depositions of said physicians be taken by said referee as to the facts found and ascertained by them upon such physical examination, with their opinions, as to the physical capacity of said defendant to have sexual intercourse and enter into the marriage relation, with their opinion therefor."

Argued before PARKER, P. J., and SMITH, CHASE, CHES-
TER, and HOUGHTON, JJ.

Conger, Orvis & McLear and Arthur W. Orvis, for appellant.
Kellogg & Mulligan and Daniel W. Mulligan, for respondent.

PARKER, P. J.  The objection which the defendant most ear-
nestly takes to this order is that the court has no authority to
grant one requiring a physical examination of the defendant.  In
my opinion, such objection is not well taken.  The old court of
chancery never refused, that I can discover, to exercise such au-
thority.  On the contrary, it would never grant a decree an-
nulling a marriage on that ground until such an examination had
been had by competent and disinterested surgeons named or ap-
proved by the court, and such an examination would be directed,
and the defendant ordered to submit thereto, upon the court's own
motion, in the event that neither party applied, upon the ground
that public policy required such proof of such a charge in order
to warrant a dissolution of the marriage contract on that ground.
Any less efficient proof was clearly so liable to collusion that it
was deemed insufficient and unsatisfactory.  Devanbagh v. Devan-
bagh, 5 Paige, 554, 28 Am. Dec. 443; Newell v. Newell, 9 Paige,
25; Cahn v. Cahn, 21 Misc. Rep. 506, 48 N. Y. Supp. 173; Anony-
mous, 34 Misc. Rep. 109, 69 N. Y. Supp. 547.  There is no ground,
therefore, for the reversal of this order because the court has as-
sumed to require the defendant to submit to a physical examina-
tion.

It is urged upon us, however, by the appellant, that the rights of
the defendant have not been sufficiently protected by this order,
and that it contains some provisions that must necessarily operate
to his prejudice.  None of the provisions of the Code of Civil Pro-
cedure apply to such a proceeding as this, and none of the require-
ments of the order appealed from are warranted by that act.  Nei-
ther is there any fixed and definite procedure laid down by the court
or by any statute to control such proceedings, and therefore the
method to be adopted must rest largely in the judicial discretion
of the court at Special Term.  The defendant complains in this
case that the order leaves the proceeding, so far as his oral exam-
ination is concerned, wide open, and permits the plaintiff to inquire
as to any subject which may be deemed pertinent to any issue
raised in the action, and that it also requires the examining phy-
sicians to be sworn before the referee, and to give their evidence and
opinions upon the issues presented.  Evidently the order seems
to contemplate that the deposition of both defendant and the phy-
sicians is to be taken before the referee, but it makes no provision
as to how the record thereof is to be taken or used, nor as to what
effect it is to have upon the trial.  May it be used upon the trial
only in the absence of the defendant or physicians so examined?
Or are they to be excluded from the presence of the court, and the
deposition so taken substituted as their evidence?  Or under what
circumstances and in what manner is it to be used?  It must be

remembered that there is no general provision of practice which is applicable to or controlling in such cases. The authority to take such examination and evidence does not go as a matter of course, nor is the procedure to be followed in taking it controlled by the usual rules. The order before us should not leave such matters in doubt; nor should it, in my judgment, direct the deposition of the physicians to be taken out of court, and before trial. Green v. Middlesex Valley R. R. Co., 31 App. Div. 412, 417, 53 N. Y. Supp. 500. Indeed, I am of the opinion that no part of such an examination should in any instance, unless some peculiar and unusual features require it, be had at any time other than during the progress of the trial, or the taking of the evidence on default, in order that whenever practicable the whole proceeding may be under the immediate direction of the court. The practice in the old court of chancery seems to have been to order the examination to be taken upon the trial, or during the taking of proofs on default, and either by a master or under the immediate direction of the chancellor himself; and in the case before us there does not seem to be any necessity for conducting the examination out of court, and before the trial. The proceeding, at its best, is a harsh and offensive one, and it will naturally be less trying to the defendant if it is conducted before the court itself. Also the testimony of the physicians as to the result of their personal examination will be more satisfactory to the court itself if taken before the court than if taken upon a reference, and produced secondhand. The question of the defendant's impotency, whether it existed at the time of the marriage, and how long it is to continue, are all questions of fact necessary to be answered before a decree in this action can be rendered; and they are to be established by evidence produced to the court. There does not seem to be any reason why that evidence should not be taken and produced in the same manner in which the rest of the evidence in the case is taken. In short, while I see no error in the claim that the court may direct the defendant to submit to a physical examination of his person, I can discover no reason why a referee should be appointed to conduct the proceeding under which such examination is had, or to take, by way of depositions, the evidence, or any part of the evidence, bearing upon that question. An order can be made that the defendant submit to such an examination to be taken upon and as a part of the trial, and the evidence of the surgeons can also be taken as a part of such trial, and before the court. And while I would not hold that a reference may not, in any instance, be ordered, at which such evidence may be taken, I am of the opinion that it should never be done unless peculiar circumstances clearly require it. In that respect the order before us is erroneous, and should therefore be reversed, but with leave to the respondent to apply for a physical examination of the defendant, to be conducted in a procedure that is clearly and specifically specified in the order, and on the lines above suggested. No costs are allowed to either party. All concur.