(69 Misc. Rep. 489.)

## ANONYMOUS v. ANONYMOUS.

(Supreme Court, Special Term, Kings County.   July 9, 1910.)

**1. MARRIAGE (§ 58*)—SUIT TO ANNUL—GROUNDS—STATUTES.**

Under Code Civ. Proc. § 1752, authorizing an action to annul a marriage, on the ground of physical incapacity by the party who is physically incapable, a wife may sue to annul her marriage because of her physical incapacity resulting from a hysterical condition accompanied by mental and emotional disturbances following attempts to consummate the marriage.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 115–123; Dec. Dig. § 58.*]

**2. MARRIAGE (§ 60*)—SUIT TO ANNUL—EVIDENCE.**

Under Code Civ. Proc. § 1753, providing that satisfactory evidence of the facts justifying an annulment of marriage must be produced, and that declarations of either party alone are insufficient, a wife suing for an annulment of her marriage on the ground of her physical incapacity must establish the facts, and the court should not act favorably to plaintiff without competent scientific opinion under oath.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 131; Dec. Dig. § 60.*]

Action to annul marriage.   Application for judgment denied without prejudice.

Kevie Jaffe, for plaintiff.

Strasbourger, Eschwege & Schallek, for defendant.

STAPLETON, J.   The plaintiff, a wife, sues to annul her marriage. The cause alleged is that she was physically incapable of entering into the marriage state.   The defendant appeared but made default in pleading.   The plaintiff applied for judgment.   It would be indelicate to detail the nature of her claim.   In outline she maintained that an hysterical condition accompanied by mental and emotional disturbances followed attempts to consummate the marriage.   A physician testified to an abnormality of plaintiff's genitals, the nature of which he did not or could not name.   To this abnormality he attributed the hysteria and associated conditions.   He was neither precise in revelation nor clear in description.   His testimony was barren of a fact in substantiation of plaintiff's contention.

In Norton v. Seton (decided in 1820) 3 Phillimore's Repts. 147, Sir John Nicholl asserted that there is no instance of a suit brought by a person alleging his own incapacity.

There is statute law in this state that such an action may be maintained by the party who was incapable against the other party provided the incapable party was unaware of the incapacity at the time of the marriage, or, if aware of such incapacity, did not know it was incurable.   Section 1752, Code Civ. Proc.

There must be proofs of the facts upon which the allegation of nullity is founded, and it is expressly provided that the declaration or confession of either party to the marriage is not alone sufficient as proof, but other satisfactory evidence of the facts must be produced.   Section 1753, Code Civ. Proc.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Le Barron v. Le Barron, 35 Vt. 365, the court said:

"The uniform and settled practice in the ecclesiastical courts in England, in this class of cases, is to require a medical examination, and to compel the party to submit to it, if he will not do so voluntarily." Norton v. Seton, 1 E. E. Rep. 384; Briggs v. Morgan, Id. 408.

In the last case, Lord Stowell states the reason and foundation of the rule:

" 'It has been said that the means resorted to for proof on these occasions are offensive to natural modesty; but nature has provided no other means, and we must be under the necessity of saying that all relief shall be denied; or of applying the means within our power. The court must not sacrifice justice to notions of delicacy of its own.' "

In Devanbagh v. Devanbagh, 5 Paige, Ch. 554, 28 Am. Dec. 443, Chancellor Walworth said:

"The Court of Chancery will not decree a marriage void on the ground of the impotence of the defendant, until a surgical examination has been had for the purpose of ascertaining whether the alleged incapacity is incurable, if such defendant is within the jurisdiction of the court."

See Newell v. Newell, 9 Paige, Ch. 25; Cahn v. Cahn, 21 Misc. Rep. 506, 48 N. Y. Supp. 173; Anonymous, 34 Misc. Rep. 109, 69 N. Y. Supp. 547—to the same effect.

I have no doubt that the plaintiff states a good cause of action. G—— v. ——G., 2 Law Repts. Probate & Divorce, p. 287; H. v. P., Falsely called H., 3 Law Repts. Probate & Divorce, p. 126.

The difficulty which she encounters is one of proof. The public as well as the parties have an interest in the question of upholding or dissolving the marriage state. The courts must proceed cautiously, and they are required to act only upon the best evidence to the end that collusion should not be attended with success, and that dissolution should not be lightly accomplished.

I have suggested to the plaintiff's attorney the propriety and the necessity of a physical examination of his client by a disinterested physician appointed by the court. This suggestion has been rejected. If the condition complained of attributable to physical causes exists, the court should not, and I believe cannot, act favorably to the plaintiff without at least the benefit of a scientific opinion under the oath of a competent witness.

The application of the plaintiff for judgment is denied, without prejudice to a renewal of the application upon additional proof.