FANNIE WELCH, Plaintiff, *v.* RICHARD VERDUIN, Defendant.

Supreme Court, Oswego County, October, 1923.

Depositions — examination before trial — order for physicial examination of plaintiff in breach of promise action denied for want of power.

An order for the examination of the person of the plaintiff in an action for breach of promise of marriage, to procure evidence to substantiate a defense that she was and is incapacitated from entering into and fulfilling the usual relations between husband and wife, will be denied for want of power.

MOTION by defendant for an order requiring plaintiff to submit to a physical examination.

*Floyd S. Spangle,* for plaintiff, opposed.

*R. J. Shanahan,* for defendant, for motion.

CHENEY, J. This is an action for breach of promise of marriage. Defendant sets up the defense that the plaintiff was and is incapable of entering into the marriage state from physical causes; that plaintiff is malformed and is incapacitated from entering into and fulfilling the usual relations between husband and wife.

Those facts, if proved, would probably be a complete defense to the action. *Haviland* v. *Halstead,* 34 N. Y. 643. The marriage, if contracted, could be annulled on those grounds (Dom. Rel. Law, § 7), and no action will lie for breach of the contract, if the plaintiff was incapable of contracting a valid marriage upon her part. *Beans* v. *Denny,* 141 Iowa, 52; *Gring* v. *Lerch,* 112 Penn. St. 244; *Goddard* v. *Westcott,* 82 Mich. 180.

For the purpose of procuring evidence to substantiate his defense, the defendant has moved for an order requiring the plaintiff to

35

submit her person to a physical examination by physicians chosen by the court for that purpose. Plaintiff claims that the court is without power to make the order.

It must be conceded that section 306 of the Civil Practice Act, under which physical examinations may be had in certain cases, does not confer the power upon the court. That section provides that in an action to recover damages for personal injuries, if the defendant shall present satisfactory evidence that he is ignorant of the nature and extent of the injuries complained of, the court shall direct the plaintiff to submit to a physical examination. The right is limited to actions to recover damages for personal injuries, and it cannot be claimed that an action for breach of promise of marriage is an action of that character. Gen. Constr. Law, § 37-a. No other statutory authorization for a physical examination has been called to the attention of the court, but the claim is made that it is within the inherent power of the court to compel the discovery of evidence which is material upon the issues involved in actions pending before it.

This same claim was made with reference to physical examinations in personal injury cases before the adoption of the statute which now appears in section 306 of the Civil Practice Act, and conflicting decisions were made in the various lower courts. The question was finally set at rest, so far as this state is concerned, by the Court of Appeals in *McQuigan* v. *D., L. & W. R. R. Co.*, 129 N. Y. 50, in an opinion which exhaustively discusses the question of the inherent power of the court from its source in the common law, and analyzes the cases upon the subject in this and other jurisdictions. It was there decided that the Supreme Court has no inherent power, and in the absence of a statute conferring the right, may not, in advance of the trial of an action for personal injuries, compel the plaintiff, on the application of the defendant, to submit to an examination of his person by surgeons appointed by the court, with a view to enable them to testify on the trial as to the existence or extent of the alleged injury.

It is claimed that as this decision was made in a personal injury case its effect, as a binding authority, must be limited to actions of that character; and attention is called to the fact that numerous cases uphold the power of the court to compel a physical examination in actions for the annulment of a marriage on the ground of physical incapacity. *Devanbagh* v. *Devanbagh*, 5 Paige, 553, 554; *Newell* v. *Newell*, 9 id. 25; *Cahn* v. *Cahn*, 21 Misc. Rep. 506; *Gore* v. *Gore*, 103 App. Div. 168. The decision cannot be so limited, as its reasoning will apply equally as well to any other kind of action as to the one then before the court. The exception to the

general rule applicable to annulment cases was there considered and explained as being based upon that public policy which demands the most extraordinary care and the highest proof before the court will disturb the marriage relation, consideration being had first to the interest of the public, rather than the desires of the parties themselves.

Following the decision in the *McQuigan* case came the amendment to the Code of Civil Procedure (§ 873, as added by Laws of 1893, chap. 721) which conferred the right of physical examination, but expressly limited it to personal injury actions. This limitation is significant, for if it had been the intention to confer upon litigants the right to have an examination of the person in every case where the evidence of the physical condition of a party is material upon any of the issues therein, that intention would have been expressed by appropriate language. A personal examination is a serious invasion of the right of privacy, and the limitation in the statute is strong evidence of the legislative intent to permit such invasion only in the cases mentioned therein. This limitation was preserved when the statute was transferred to the Civil Practice Act.

I am convinced that the court is without power to make the order, and the motion is denied, with costs.

Ordered accordingly.