Edward L. Cowen, Plaintiff, *v.* Marion Cowen, Defendant.

Supreme Court, New York County, July 11, 1925.

Depositions — examination of defendant before trial — order for physical examination of defendant in action for annulment of marriage denied on condition defendant waive her statutory privilege as to testimony of physicians treating her.

Plaintiff's application for a physical examination of the defendant before trial in an action for the annulment of the marriage between the parties will be denied on condition that said defendant waive her statutory privilege with respect to the testimony of physicians who have treated her for the alleged condition.

Application by the plaintiff for the physical examination of the defendant before trial in an action for annulment of the marriage between the parties.

**756** EXP. & IMP. F. Co., INC., *v.* SCHULBERG PRODUCTIONS, INC.

Supreme Court, July, 1925. [Vol. 125

*Goldstein & Goldstein,* for the plaintiff.

*Isadore Shapiro,* for the defendant.

LEVY, J.:

In this action for an annulment of the marriage on the ground of the concealment from the plaintiff by the defendant of a disease with which she is alleged to have been infected before the marriage, the plaintiff seeks an opportunity for an analytical test of a specimen of the spinal fluid of the defendant, in order to establish his cause of action. The application is resisted on the ground that the examination is unnecessary and unauthorized before the trial. Section 306 of the Civil Practice Act, which provides for physical examinations before trial, is strictly limited in its application to actions for personal injuries. (*Welch* v. *Verduin,* 121 Misc. 545.) On the other hand, the court has exercised its inherent power by ordering a physical examination in cases of annulment of marriage (*Gore* v. *Gore,* 103 App. Div. 168); but in such cases the rule is seemingly limited to such examinations during the progress of the trial and not before a referee in advance thereof. In *Geis* v. *Geis* (116 App. Div. 362) a physical examination of the defendant before trial in an annulment action was denied on the condition that she waive, in accordance with the statute, the incompetency as witnesses of the attending physicians who had examined her, and consent to their testifying at the trial, and this decision was without prejudice to the right of the plaintiff to make an application for an examination at the trial should it become necessary. This ruling has never been questioned, and in accordance with its authority this motion is denied on the condition that the defendant waive her statutory privilege in relation to the testimony of the physicians who have treated her; otherwise, it will be granted. Settle order on notice.