JULIUS HOROWITZ, Plaintiff, v. BECKY ALLEN HOROWITZ,
Defendant.

Supreme Court, Kings County, July 10, 1928.

**Husband and wife — annulment of marriage — action based on fraud
not maintainable where wife is insane — six-year Statute of Limita-
tions (Civ. Prac. Act, § 48, subd. 5) bars action.**

This action to annul the marriage of the parties, which is brought on the ground
that the defendant fraudulently concealed from the plaintiff the fact of her
insanity, cannot be maintained, since it appears that the defendant was insane
at the time the action was brought.

Furthermore, the action is barred by the Statute of Limitations (Civ. Prac. Act,
§ 48, subd. 5), since it was not commenced within six years from the date of
the discovery of the alleged fraud.

ACTION for the annulment of a marriage upon the ground of
fraud.

*Isidore Schneider* [*Jesse Fuller, Jr.,* of counsel], for the plaintiff.

*Blau, Perlman & Polakoff* [*Nathan D. Perlman* and *Samuel
Mezansky* of counsel], for the defendant.

HUMPHREY, J.   The fraud alleged in the complaint is that the
defendant, who had suffered from mental disability and had been
treated in a sanitarium, concealed from the plaintiff her impaired
mental state, thereby permitting him to contract a marriage which,
but for the concealment, would not have taken place.

The defendant, who is admittedly at this time insane, and
probably incurably so, by special guardian puts at issue the
allegations of plaintiff's complaint, and sets out as an affirmative
defense the Statute of Limitations.

*Hoadley* v. *Hoadley* (244 N. Y. 424) holds that a marriage
voidable for insanity may not be annulled at the suit of the spouse
who is sane.

Plaintiff seeks to draw a distinction between a suit to annul a
marriage on the ground of insanity and a suit to annul it upon
the ground of fraud based upon such insanity.   This distinction
I am unable to follow.

Assuming, however, that such an action in fraud will lie, plaintiff
is still barred by the Statute of Limitations.

Admittedly this action was brought more than six years after
the discovery by the plaintiff of the fraud which he alleges the
defendant practiced upon him.

Section 48 of the Civil Practice Act enumerates the classes of
cases in which actions must be commenced within six years.
Subdivision 5 of that section provides that an action to procure

a judgment on the ground of fraud must be commenced within six years after the discovery by the plaintiff of the fraud.

The amendment of section 1137 of the Civil Practice Act (Laws of 1928, chap. 83), which took effect on February seventeenth of this year, changed the rule established in *Hoadley* v. *Hoadley* (*supra*), but as the pleadings now stand any benefits which might accrue to plaintiff by reason thereof are not available to him.

Judgment for defendant.