SARAH ALTER, Appellant, *v.* NATHAN ALTER, Respondent.

Second Department, March 19, 1937.

*John T. S. Wade,* for the appellant.

PER CURIAM. This action to annul a marriage because of fraud is based upon the claim that defendant concealed from plaintiff the fact that, prior to the marriage, he had been confined in the Manhattan State Hospital, an institution for the insane. The action is undefended. The appeal is from the judgment dismissing the complaint at the close of plaintiff's case.

In our opinion, concealment of a judicial commitment for insanity prior to entering into the marriage contract is sufficient to constitute a material fraud upon the other party, where the confinement thereunder lasted eighteen months and discharge therefrom was less than two years before the marriage.

There is neither allegation nor proof that the defendant was incompetent at the time of entering into the marriage contract or at the time of the commencement of the action. The action is, therefore, not against a party incapable of perpetrating or knowing

the nature of a fraud; and is not within the rules stated in *Sleicher* v. *Sleicher* (224 App. Div. 529); *Horowitz* v. *Horowitz* (132 Misc. 493), and *Chaddock* v. *Chaddock* (130 id. 900).

The case should contain adequate proof of the allegations in paragraph eighth of the complaint, namely, that the plaintiff would not have entered into the marriage contract had she known of the matters concealed.

The judgment should be reversed on the law, without costs, and the matter remitted to the Special Term to take proof of the allegations in paragraph eighth of the complaint.

LAZANSKY, P. J., JOHNSTON, ADEL, TAYLOR and CLOSE, JJ., concur.

Judgment reversed on the law, without costs, and the matter remitted to Special Term to take proof of the allegations in paragraph eighth of the complaint