LUCILE CATOGGIO TROVATO, Appellant, *v.* VINCENT W. TROVATO, Respondent.

First Department, May 29, 1941.

*David M. Freedman* of counsel [*Freedman & Freedman,* attorneys], for the appellant.

*Samuel S. Levine* of counsel [*Max Cohn* with him on the brief], for the respondent.

COHN, J. The action is to annul the marriage of the parties. The first cause of action sets forth that defendant was physically incapable of entering into the marital state and the second cause of action charges fraud. The trial court granted judgment in favor of defendant, dismissing the complaint on the merits for the reason that he did not believe the testimony of plaintiff.

An examination of the record shows no contradictions or equivocations in plaintiff's testimony but, as we read it, a frank and direct statement of facts upon which she bases her causes of action. In the main, defendant's own testimony corroborates the evidence of plaintiff and indicates that her first cause of action manifestly possesses merit.

To authorize a decree of annulment for impotency the physical incapacity of defendant must have existed at the time of the marriage, must be continuous and must be incurable. (Civ. Prac. Act, § 1141; *Devanbagh* v. *Devenbagh,* 5 Paige, 554.) The evidence adduced by plaintiff substantially established all these necessary elements of her first cause of action. Though the proof of the fact that the alleged incapacity is incurable was not entirely satisfactory, we think that uncertainty in this respect could readily have been eliminated by directing a physical examination of defendant. The law is settled that in this kind of an action the court has inherent power to order such a medical examination as may be necessary to ascertain the facts requisite to a correct decision of the cause. (*McQuigan* v. *D., L. & W. R. R. Co.,* 129 N. Y. 50, 54; *Gore* v. *Gore,* 103 App. Div. 168; *Geis* v. *Geis,* 116 id. 362; *Devanbagh* v. *Devanbagh, supra; Newell* v. *Newell,* 9 Paige, 25; *Cowen* v. *Cowen,* 125 Misc. 755; Keezer, Marriage and Divorce [2d ed.], § 376, p. 275.)

In *Gore* v. *Gore (supra)* it was held that in a proper case an order can be made by the court during the progress of the trial directing that defendant submit to an examination by a physician and that the evidence of the examining medical expert may be taken as part of the trial. Upon a new trial of this action the court, in the exercise of its discretion, may order such examination to aid it in determining the facts.

For the foregoing reasons the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

MARTIN, P. J., and UNTERMYER, J., concur; DORE and CALLAHAN, JJ., dissent and vote to affirm.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.