CONSTANCE T. LEE, Plaintiff, *v.* WILLIAM H. LEE, Defendant.

Supreme Court, Special Term, Nassau County, March 7, 1945.

*Louis L. Bucciarelli* for defendant.

*Le Roy B. Iserman* and *Harlan S. Perrigo* for plaintiff.

STODDART, J. The complaint contains two causes of action, one for annulment of the marriage between the parties, and the other for money damages. Both causes are predicated upon the alleged fraud and deceit of the defendant.

The defendant moves under rule 106 of the Rules of Civil Practice to dismiss the second cause of action, urging that until an annulment has been obtained the plaintiff has no right to claim damages.

Section 258 of the Civil Practice Act permits the pleading of equitable and legal causes in one complaint. Section 112-e permits the inclusion in one complaint of a cause of action for rescission of a contract and a claim for damages sustained as a result of fraud in the inducement of the contract and provides that " the aggrieved party shall be allowed to obtain complete relief in one action ". Section 57 of the Domestic Relations Law permits a married woman to sue her husband for " his wrongful or tortious acts resulting to her in any personal injury as defined in section thirty-seven-a of the general construction law ". Section 37-a of the General Construction Law after enumerating certain torts provides that personal injury includes " other actionable injury to the person either of the plaintiff, or of another." In *Wade* v. *Kalbfleisch* (58 N. Y. 282) it was held that an action for breach of promise to marry was an action for injury to the person and not an action on contract. As the court wrote at page 287, " Although, in form, this action resembles an action on contract, in substance it falls within the definition of the exception, as an action on the case for

personal injuries. \* \* \* The form of the action is not material. The controlling consideration is, that it does not relate to property interests, but to personal injuries." I believe the action for damages in this case is likewise for an injury to the person. Moreover, aside from the statute it has been stated by the Appellate Division of this department in an action for damages following an annulment of the marriage that the right to maintain the action for damages " arises from the fact that she is not and never was legally a married woman " (*Cohen* v. *Kahn*, 263 App. Div. 728, 729). Assuming the allegations of the complaint in this action to be true, the plaintiff here should be considered in the category " never was legally a married woman ".

Under the statutes and authorities cited, I believe the conclusion is warranted that the complaint herein is proper. Accordingly, the motion is denied. Settle order on notice.