CHARLES L. FELTMAN et al., Respondents-Appellants, v. JOHN G. WARD et al., as Trustees under the Will of WILLIAM J. WARD, Deceased, et al., Appellants-Respondents, and CITY OF NEW YORK, Respondent.— Upon appeal by plaintiffs, the judgment insofar as appealed from is unanimously affirmed, without costs. On appeal by defendants other than the City of New York, the judgment insofar as appealed from is reversed on the law and the facts, with costs against plaintiffs, and the complaint is dismissed on the law, with costs against plaintiffs. The findings of fact and the conclusion of law implicit in the short form decision of the Special Term as contained in the last paragraph thereof are disapproved and, in lieu thereof, this court will make new findings of fact and conclusions of law. The conversation with William J. Ward, Sr., as testified to by the witness Charles A. Feltman, does not establish an agreement for a permanent easement of access and egress and, in any event, the expense by plaintiffs in making the alterations attributable to the alleged agreement, does not prevent the invocation of the Statute of Frauds. Settle order on notice. Close, P. J., Hagarty, Adel and Aldrich, JJ., concur; Carswell, J., not voting. [See post, pp. 843, 865.]

HERBERT G. HIEBINK, Respondent, v. MAY HIEBINK, Appellant.— In an action for annulment on the ground that defendant was physically incapable of entering into the marriage state, interlocutory judgment in favor of the plaintiff, and order denying defendant's motion for an allowance and counsel fee to prosecute her appeal from the judgment herein, unanimously affirmed, without costs. No opinion. Present — Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ.

LOUIS HOFFERT, Appellant, v. TISDALE LUMBER Co. et al., Respondents.— Action to recover damages for personal injuries suffered by plaintiff when the automobile in which he was a passenger was in collision with a motor truck. Judgment entered on the verdict of a jury in favor of defendants reversed on the law and new trial granted, with costs to abide the event. The court erroneously charged that if the plaintiff's arm extended so that the elbow protruded out of the window of the automobile the plaintiff could not recover. Whether such conduct was negligence was for the jury to say, and on the whole case it may not be said that the erroneous instruction was harmless. Close, P. J., Hagarty, Johnston, Adel and Aldrich, JJ., concur.

In the Matter of the Accounting of BERNARD B. LEIGHT et al., as Executors of and Trustees under the Will of ISAAC LEIGHT, Deceased. BERNARD B. LEIGHT, as Executor of and Trustee under the Will of ISAAC LEIGHT, Deceased, Appellant; IRENE L. NATELSON et al., as Executors of and Trustees under the Will of ISAAC LEIGHT, Deceased, et al., Respondents. In the Matter of the Revocation of Letters Testamentary Issued to BERNARD B. LEIGHT, as Executor of and Trustee under the Will of ISAAC LEIGHT, Deceased, Appellant. MOE E. LEIGHT, Respondent.— Decree of the Kings County Surrogate's Court and order denying application to revoke letters testamentary, insofar as appealed from, unanimously affirmed, with costs to George Rosling, Special Guardian, only, payable out of the estate. Appeal from decision dismissed, without costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ. [See post, p. 843.]