MAX FRIEDMAN, Plaintiff, *v.* EVA FRIEDMAN, Defendant.

Supreme Court, Special Term, Kings County, July 22, 1946.

*Charles Snow* for plaintiff.

*Maxwell Cohen* for Fannie Pedis, intervener.

*Edward J. S. Farrell,* special guardian for Eva Friedman, defendant.

*Nathaniel L. Goldstein Attorney-General (Louis E. Cooper* of counsel), for Pilgrim State Hospital.

COLDEN, J.  Action by plaintiff husband for an annulment of his marriage to the defendant wife on the ground that the defendant fraudulently concealed from the plaintiff the defendant's commitments to institutions for the mentally ill prior to the marriage of the parties.

The proof establishes the prior commitments, and the fact that at the time of the marriage plaintiff did not know of the defendant's commitments or that she had ever been mentally ill. Subsequent to the marriage and after the birth of her first child, the defendant was again committed.  Thereafter she was released on parole to her husband.  Thereafter two more children were born.  Subsequently, in April of 1944 the defendant was again committed, and during the process of recommitment the plaintiff learned for the first time of the commitments prior to the marriage.  Subsequent to such discovery there was no cohabitation or marriage relationship between the parties, and this action was brought in August, 1944.

It is not without significance that neither the defendant nor any member of her family disclosed to plaintiff the prior commitments until the inadvertent admission in April, 1944.  Her relatives, well knowing her mental condition, permitted her to enter the marriage state, and it must be assumed that they knew that children might be born of the marriage.  By their silence they permitted the normal results of marriage to occur.  By their silence and inaction they allowed the present unhappy situation to develop, a situation which may distress all who are related to it.  While the attitude of the plaintiff is not commendable for its chivalry, he is the innocent party and he has sustained the burden of proof in making out his case.  (*Alter* v. *Alter,* 250 App. Div. 428.)  The children of the marriage are declared legitimate.  Counsel may stipulate as to the maintenance, custody of the children and rights of visitation.  All motions made by defendant or on behalf of the defendant upon which decision was reserved are denied with an appropriate exception in each instance.  Judgment for plaintiff accordingly. Settle on notice.