Van Voorhis, J.
The action is to recover disability payments on a life insurance policy payable in event that the insured becomes wholly disabled by bodily injuries or disease.
Plaintiff moved for leave to serve a supplemental complaint under section 245-b of the Civil Practice Act, to set up additional disability payments claimed to have fallen due after the commencement of the action. Defendant made a cross motion applying for a physical or, more accurately stated, a mental examination of the plaintiff. The said motion was granted on terms, viz., “ that Martin Herskovitz, the plaintiff herein, submit to an examination as to the nature and extent of the mental disease from which he suffers as set forth in the complaint herein, by a psychiatrist selected by the defendant, at its expense ”. Plaintiff caused to be entered an order granting leave to serve a supplemental complaint, which also contained the proviso asked for by his opponent, and allowed by the court. Plaintiff submitted to the examination as directed by the order.
Thereafter plaintiff moved to vacate the order directing the physical — or mental — examination, and to suppress the evidence obtained by the defendant on the examination.
The portion of the order directing the examination was made without jurisdiction. Even regarded as a condition imposed by the court to allowing a supplemental complaint, the court lacked power to impose such a condition in the absence of plaintiff’s consent. This is not a personal injury action, which is the only type of action in which a physical examination is authorized by section 306 of the Civil Practice Act (Welch v. Verduin, 121 Misc. 545). Except for that statute, the court has no power to order a physical examination (McQuigan v. Delaware, Lackawanna & Western R. R. Co., 129 N. Y. 50; Cole v. Fall Brook *586 Coal Co., 159 N. Y. 59, 69). It may be a harsh rule that denies such an examination to a defendant where a plaintiff’s cause of action is based upon some bodily or mental infirmity, but, if so, the remedy lies with the Legislature.
Special Term denied the motion to vacate the order for the examination, and to suppress the evidence obtained, on the ground that the time to appeal from it had expired, “and cannot be extended by a delayed motion to vacate the order.”
On the other hand, the rule has been stated that “ Where a party seeks, not to review a decision made upon a motion upon the merits, - but to have it set aside or reversed on the ground of irregularity or lack of jurisdiction, his remedy is not by appeal to reverse the order, but by motion to vacate it for irregularity, or because it is null and void. Where an order is made without jurisdiction, and so is void, it may be disregarded or attacked collaterally, without first- being vacated; or a motion may be made to vacate such order.” (1 Carmody on New York Pleading and Practice, § 391; Kamp v. Kamp, 59 N. Y. 212, 215; Hughes v. Cuming, 165 N. Y. 91, 94).
Since the court had no jurisdiction to direct a physical examination in this action, the order granting it was subject to the collateral attack that was launched against it by the motion which has been denied by the order now appealed from. The circumstance that the time to appeal from the order directing the examination had expired, did not require denial of the motion to vacate.
Neither is it considered that plaintiff was precluded from moving to vacate by the fact that he submitted to the examination. In doing so, he did what he was directed to do by a court order, even if the direction was beyond the powers of the court. Although it has sometimes been held that orders made by a court having no jurisdiction to make them, may be disregarded without-liability to process for contempt (United States v. Shipp, 203 U. S. 563), that is not enough to require the conclusion that plaintiff’s act in submitting to a physical examination pursuant to this order was voluntary. By consenting to a physical examination, a party would waive the right to object to the introduction in evidence against him at the trial of what the examination disclosed. On the other hand, compliance with a void provision of an order, inserted at the instance of one’s adversary, is not án expression of consent. If a bolder spirit might have set this part of the order at defiance, that does not mean that being too timid to disobey is equivalent to voluntary approval or acquiescence. It is, *587 therefore, unnecessary to consider for present purposes such cases as Davidson v. Ream (178 App. Div. 362) and Matter of Walker (136 N. Y. 20, 29).
The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the motion granted to vacate the order of November 8,1946, granting a physical examination of plaintiff, and to suppress the evidence obtained thereby.
Glennon and Dore, JJ., concur; Peck, P. J., dissents and votes to affirm.
Order reversed, with $20 costs and disbursements to the appellant and the motion granted to vacate the order of November 8, 1946, granting a physical examination of plaintiff, and to suppress the evidence obtained thereby. Settle order on notice. [See 273 App. Div. 758.]