REBECCA GABRIEL, Appellant-Respondent, *v.* LEON GABRIEL, Respondent-Appellant.

First Department, June 22, 1948.

*Jac M. Wolff* of counsel (*Joseph H. Gellman* with him on the brief), for appellant-respondent.

*Louis Kaplan* of counsel (*Dicran Simsarian,* attorney), for respondent-appellant.

COHN, J. After a trial the plaintiff's complaint for separation was dismissed and a judgment of annulment in defendant's favor was directed on defendant's third counterclaim. The judgment required defendant to pay plaintiff $20 weekly alimony until her remarriage and directed defendant to pay an additional counsel fee of $200.

The court's determination dismissing plaintiff's complaint which prayed for a decree of separation for cruel and inhuman treatment and for nonsupport was proper as the evidence adduced was insufficient to establish either claim. As to the charge of cruelty, the proof was that the difficulties between the parties arose out of incompatibility of temper and consisted primarily of quarrels which did not justify the relief sought. Incompatibility of temper is no ground for legal separation in this State. (*Smith* v. *Smith,* 273 N. Y. 380, 384; *Pearson* v. *Pearson,* 230 N. Y. 141, 146, 148; *Morris* v. *Morris,* 260 App. Div. 6.)

With respect to defendant's counterclaim for annulment on the ground of his own incapacity, defendant pleaded that he is " psychologically incapable of entering into the marriage state with the plaintiff by reason of his mental, emotional, and psychological condition " and as a result thereof the parties have been unable to consummate the marriage; that the incapacity on the part of defendant has continued since the marriage, still continues and is incurable and that defendant was unaware of said incapacity at the time of his marriage. " Such an action can be maintained only where an incapacity continues and is incurable * * *." (Civ. Prac. Act, § 1141.) Upon the trial of an issue a final judgment annulling a marriage may not be rendered " without proof of the facts upon which the allegation of nullity is founded." (Civ. Prac. Act, § 1143.) That statute further provides " The declaration or confession of either party to the marriage is not alone sufficient as proof, but other satisfactory evidence of the facts must be produced." Applying these statutory prerequisites to the evidence adduced here, we think that there was an insufficient basis for a judgment of annulment in favor of defendant.

On the defendant's own testimony and upon the medical testimony there is no showing that defendant lacked capacity at the time of his marriage, or that his alleged incapacity, if it does exist, continued, or that it is incurable. Incapacity to consummate the marriage is frequently the result of psychogenic causes. (*Kaufman* v. *Kaufman,* 164 F. 2d 519, 520; Herzog on Medical Jurisprudence, §§ 1168, 1169.) In this State it has been held that a decree of nullity may be granted where because of excessive sensibility a party is entirely and permanently incapable of performing marital functions. (*Vanden Berg* v. *Vanden Berg,* 197 N. Y. S. 641; *Hiebink* v. *Hiebink,* 56 N. Y. S.

2d 394, affd. 269 App. Div. 786; *Steinberger* v. *Steinberger,* 33 N. Y. S. 2d 596). However, the proof adduced by the defendant is neither clear, nor definite, nor convincing. The difficulty with this case is to be found in the fact that the testimony of the husband, the wife, and the physician, who was apparently disinterested, fails to establish that there was incapacity and if there were, that it is incurable. '' As a general rule, the evidence in support of an annulment must be such as to constitute proof of a clear and definite, credible, convincing and satisfactory character, in respect of every factor required to make out a situation calling for such relief.'' (3 Nelson, Divorce and Annulment, § 31.64; see, also, Anonymous, 158 N. Y. S. 51 [opinion by CRANE, J., later Chief Judge Court of Appeals]; *Anonymous* v. *Anonymous,* 69 Misc. 489.) The proof here does not meet the test.

We think too that defendant's first counterclaim for annulment on the ground of plaintiff's fraud concerning her ability to consummate the marriage relationship and to bear children and his second counterclaim for annulment on the ground of plaintiff's alleged fraud concerning her consent to residence of defendant's daughters by a previous marriage should have been dismissed on the merits rather than without prejudice as there appears to be no basis in the evidence for either claim.

The judgment appealed from should accordingly be modified by reversing the judgment in favor of defendant for an annulment upon the third counterclaim and granting judgment for plaintiff as to that counterclaim, by dismissing upon the merits defendant's first and second counterclaims and by eliminating the provision for the payment of alimony. In all other respects the judgment should be affirmed.

GLENNON, J. P., and VAN VOORHIS, J., concur; CALLAHAN, J., concurs in result.

Judgment unanimously modified by reversing the judgment in favor of defendant for an annulment upon the third counterclaim and granting judgment for plaintiff as to that counterclaim, by dismissing upon the merits defendant's first and second counterclaims and by eliminating the provision for the payment of alimony. In all other respects the judgment is affirmed. The findings inconsistent with this determination should be reversed and such new findings made of facts proved on the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.