## (October 30, 1951.)

FAY J. GOLDSMITH, Appellant, *v.* SAM GOLDSMITH, Respondent.

*Per Curiam.* The action is for an annulment.

There are two causes of action set forth in the complaint: (1) for fraud based upon concealment of an incurable physical, mental and nervous disorder, and (2) for physical incapacity on the part of the husband.

As to the first cause of action we think that plaintiff adduced sufficient proof to establish that there was fraudulent concealment by defendant before marriage of a serious mental disorder and that the party deceived would not have consented to the marriage but for the fraudulent representation. As to the second cause of action we think there was adequate prima facie proof to establish that there was physical incapacity from the time of the marriage up to the time of the separation of the parties and that the incapacity was of such a nature as to be incurable. In our view the trial court should not have granted judgment dismissing the complaint at the close of plaintiff's case as to either cause of action.

We desire to note that in an action of this kind the court has inherent power to order such a mental or physical examination as might be necessary to ascertain the nature and extent of the alleged disability (*Trovato* v. *Trovato*, 262 App. Div. 276). Such examination might even be had during the progress of the trial so that the testimony of the examining medical expert may be received in aid of a proper decision. (*Gore* v. *Gore*, 103 App. Div. 168.)

For the foregoing reasons, the judgment should be reversed and a new trial ordered.

Glennon, J. P., Cohn, Van Voorhis and Shientag, JJ., concur; Dore, J., dissents and votes to affirm.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.