ARLITA BECKER, Plaintiff, *v.* ABRAHAM BECKER et al., Defendants.

Supreme Court, Special Term, Kings County, December 30, 1954.

*Samuel Weiss* for defendants.

*Stephen S. Saltz* for plaintiff.

BRENNER, J. This is a motion by the defendant, Larry J. Becker, pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings, dismissing the complaint. He urges that, as to him, the complaint is legally insufficient. He also moves to vacate plaintiff's notice to examine the defendant before trial.

The action is brought by the plaintiff wife against her husband and his parents for damages based upon fraud and deceit relative to the marriage of the plaintiff and the defendant husband. The complaint alleges all the requisite elements for fraud and deceit. It sets out a representation by the defendants, including the husband, that he had never suffered from any serious ailments prior to marriage, whereas " at the time said statements and representations were made (defendant husband) was in consultation with physicians for an ailment and mental illness from which he was then suffering, to wit, a mental illness known as schizophrenia."

The plaintiff and the defendant are still husband and wife. Prior to 1937, a wife who was still married could not maintain an action against her husband for damages based upon fraud (*Leventhal* v. *Liberman*, 262 N. Y. 209, 211). The Domestic Relations Law (§ 57) was then amended to provide that a married woman could sue her husband for " his wrongful or tortious acts resulting to her in any personal injury as defined in section thirty-seven-a of the general construction law ". Section 37-a of the General Construction Law, after enumerating certain torts, provides that the words " Personal injury " include " other actionable injury to the person either of the plaintiff, or of another."

The quoted words in section 37-a of the General Construction Law include an action for damages predicated upon fraud and deceit. In *Price* v. *Price* (75 N. Y. 244, 249), where the complaint

was somewhat similar to the one at bar, the court held that fraud is a personal wrong, inflicting " injury to the person of the plaintiff ". Thus, by section 57 of the Domestic Relations Law, the disability precluding an action by one spouse against another for damages based upon fraud and deceit inducing a marriage has been removed. (*Lee* v. *Lee,* 184 Misc. 686; *Amsterdam* v. *Amsterdam,* 56 N. Y. S. 2d 19.)

The moving party makes much of the fact that in the absence of an action for annulment of a subsisting marriage it is anomalous to entertain this action to recover money damages for fraud. His counsel urges that to countenance the action would be to authorize damages based upon fraud inducing the marriage contract while, at the same time, the husband is legally obligated to support the wife based upon the validity of the marital status. In my view, the coexistence of both such liability and obligation are not inconsistent. While fraud may avoid the marriage (Civ. Prac. Act, § 1139; *Rutstein* v. *Rutstein,* 221 App. Div. 70), until it is so avoided, the wife is entitled to both support as a wife and to damages for the fraud which induced her to become the wife (*Lee* v. *Lee, supra*).

A more serious question arises in this attack upon the sufficiency of a complaint which alleges insanity on the part of the husband at the very time the false representations were alleged to have been made by him. Is such an allegation in a complaint also an allegation of incapacity to perpetrate a fraud? Specifically, the husband is claimed to have been suffering from a mental ailment known as " schizophrenia " at the time the alleged deception and intent to defraud took place. That allegation, upon a motion addressed to the sufficiency of the complaint, must be accepted as true (*Doucas* v. *Manfried,* 220 App. Div. 811). " Schizophrenia " is defined as " Bleuler's term for dementia precox. A psychosis characterized by lack of effect, inappropriate mood, unpredictable behavior, and disintegration. Frequently terminates in mental regression, total withdrawal from reality into phantasies and paranoid formulations." (Blakiston's — New Gould Med. Dictionary p. 910.)

" Schizophrenia — A type of psychosis characterized by loss of contact with the environment and by disintegration of the personality. It includes dementia praecox and some related forms of insanity " (Webster's New Int. Dictionary [2d ed.], p. 2235).

The court is entitled to take judicial notice of these generally accepted definitions of said mental disease.

Should not such alleged "schizophrenia" of the defendant therefore be regarded as an allegation by plaintiff that the defendant was incompetent and incapable of making a binding contract and was likewise incapable of deception and of the intent to defraud which underlie an action for fraud?

It may be argued that a person suffering from the aforesaid mental disease may have lucid moments during which he may be competent to make a contract (*Sleicher* v. *Sleicher*, 251 N. Y. 366) and that, therefore, the truth of the allegations of the complaint needs to be established upon trial. This may be true as to actions for annulment since public policy is in favor of preserving the marriage. But I cannot agree that it applies to actions to recover for fraud where the essential elements include intention to defraud and deception (*Costello* v. *Costello*, 209 N. Y. 252). An incompetent is incapable of deception (*Chaddock* v. *Chaddock*, 130 Misc. 900; *Williams* v. *Hays*, 143 N. Y. 442). However, in the case at bar there appears no allegation whatever in the complaint in words or to the effect that at the time of the misrepresentation the defendant was enjoying a lucid period.

The court is also aware of cases (*Alter* v. *Alter*, 250 App. Div. 428; *Smith* v. *Smith*, 112 Misc. 371; *Goldsmith* v. *Goldsmith*, 279 App. Div. 579), which require trial of factual issues raised by pleadings of fraudulent concealment of prior mental conditions, as a basis for decrees of annulment. This decisional law, however, deals with averments of failure to disclose *prior* mental illness, not allegations of mental illness when the representations were made. The pleader here makes the unequivocal assertion of mental illness when the false representations were uttered. It is inescapable that such an averment is a pleading by plaintiff of incompetence on the part of the defendant at the very time the fraud was alleged to have been perpetrated.

I must conclude that on the basis of the allegations in the complaint the defendant was incapable of perpetrating a fraud and deception when the false representations were made, presenting no factual issue of competence which needs to be resolved upon trial. The court having arrived at this conclusion, there is no need to rule upon the question of the examination before trial of the defendant. Motion is granted. Settle order on notice.