IsmoR Wasservogeh,
Spec. Ref. Plaintiff seeks a separation on the ground of cruel and inhuman treatment.
It is most unfortunate that the parties to this action have found it necessary to resort to the courts to settle their matrimonial difficulties. Plaintiff and defendant are both cultured and well-educated persons, of good family background. Plaintiff, a young woman, 28 years old, prior to her marriage worked as an air-line hostess. Defendant, 33 years of age, is an honor graduate of a medical school, and, at the commencement of this action, was completing a two-year residency in thoracic and heart surgery in a New York City hospital. The parties were married in 1955 and have two children, both under three years of age.
*714 The court is aware of the unusual efforts which were made to preserve this marriage, both during and after the trial of this action. These efforts were of no avail, and the decision now must be made which, in effect, regardless of the party who prevails, will only serve to disrupt permanently the home life of the two children and make their future insecure.
The court has carefully examined the record adduced upon the trial and is constrained to hold that despite her apparent nervous condition and the ill health in which plaintiff now finds herself, she has failed to prove, as a matter of law, that these conditions were caused by acts of defendant. Her complaints against defendant, for the most part, are trivia. In the final analysis, they merely consist of quarrels, bickerings, wordy altercations, unkind, exasperating or even insulting words that, are indicative of marital, incompatibility. Nevertheless, the fact that incompatibility exists and that a husband and wife find it impossible to live in harmony, while no doubt furnishing justifiable reasons as between themselves for separating, do not meet the legal requirements for the granting of a judicial separation (Smith v. Smith, 273 N. Y. 380, 383; Averett v. Averett,. 189 App. Div. 250, affd. 232 N. Y. 519; Gabriel v. Gabriel, 274 App. Div. 141; Irwin v. Irwin, 69 N. Y. S. 2d 780). Misunderstandings, bickering, outbursts of temper, complaints of ‘ ‘ coldness ’ ’ or incompatibility of temperament, must, under our public policy, be endured as an evil attending the marital state, unless conditions become such as to render it unsafe or improper for one spouse to cohabit with the other {Traylor v. Traylor, 3 A D 2d 727; Buss v. Buss, 3 A D 2d 888). Concededly, as plaintiff asserts, it is unnecessary to show a course of conduct of physical violence in order to prove cruel and inhuman treatment. Nevertheless, it is necessary to prove that circumstances and conditions caused by defendant were of such character as to affect seriously plaintiff’s physical or mental health. This, plaintiff failed to do. In the opinion of the court, plaintiff’s marital difficulties with her husband are in part the result of her own emotional makeup and temperament which made it difficult for her to adjust to the new experience of marriage.
The most serious charge made by plaintiff to support her claim of cruelty is the alleged refusal of defendant to have sexual relations with her. This was categorically denied by defendant and the court is not inclined to accept plaintiff’s version of their sexual life during the three years of their marriage. It should be noted that the parties have two children, both, as heretofore stated, under three years of age at the time *715 of the commencement of this action. Thus, for at least half of the time of their married life, plaintiff was pregnant. Moreover, the testimony of defendant, which indicated that the parties had intercourse as late as one month before they separated (on March 20, 1958), was not rebutted by plaintiff.
The other complaints of plaintiff, as testified to by her on the trial, consist principally of the following:
1 — An incident when defendant became angry and shouted at her. (March, 1957.)
2 — An argument between the parties when defendant allegedly struck plaintiff. (Sept., 1957.)
3— An incident when defendant spoke rudely to plaintiff in the presence of mutual friends. (Nov., 1957.)
4— An incident when defendant spoke harshly to plaintiff while she was in the hospital giving birth to a child. (June, 1956.)
5 — A derogatory reference by defendant to his wife’s appearance while she was pregnant.
6 — An incident in Florida when defendant refused to take plaintiff home early from a party. (March, 1957.)
7 — Defendant’s refusal to get a baby sitter so that he and plaintiff could go out. (Sept., 1956.)
8 — Defendant’s insistence on taking one of their children to a trade show. (Fall of 1956.)
Significantly, each of these alleged acts of cruelty occurred long before the parties separated. Even if these incidents occurred as claimed by plaintiff, they must be deemed to have been forgiven and condoned by her inasmuch as the parties continued to live together until late in March, 1958. In view of these circumstances and in light of what has already been stated herein, I hold that plaintiff has failed to prove allegations serious enough to warrant the conclusion that it is unsafe or improper for her to cohabit with defendant or that he has treated her in a cruel and inhuman manner sufficient to warrant the relief she seeks herein (Rodgers v. Rodgers, 279 App. Div. 640, appeals dismissed 304 N. Y. 591; Avdoyan v. Avdoyan, 265 App. Div. 763). Accordingly, the complaint must be dismissed upon the merits.
In view of the tender years of the issue of the marriage, their custody is awarded to plaintiff. Defendant, however, who lives and practices medicine in Illinois, has requested that he be permitted to have the children visit him there during holiday and summer periods. The court does not doubt defendant’s suitability to care for his children. Nevertheless, *716 because they are so young, I deem it in the best interests of the children that they should not be separated from their mother at this time for any visit to defendant’s home in Illinois. Defendant’s request, therefore, is denied unless he can prevail upon plaintiff to accompany the children to Illinois during such visits. The decree to be submitted herein shall provide for such other visitation privileges as defendant desires, so long as the infants are not removed from this State by him without the prior written consent of the plaintiff or the court.
Judgment is rendered in favor of defendant in accordance with the foregoing. Support for the two infant children is fixed at $60 per week. No costs are awarded.
In view of the circumstances surrounding this case, of which both counsel are cognizant, and more particularly in view of the financial burden which will now be imposed upon plaintiff to care for herself and the two children, I suggest that, prior to the submission of the decree herein provided for, counsel make another effort to reconcile the difficulties between their respective clients.
Submit decree within 20 days on three days’ notice. Plaintiff’s counsel, within this period, shall serve on his adversary and file with the court, his affidavit respecting the fixing of counsel fees pursuant to a prior order of Special Term.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.