Frank Del Veoohio, J.
The amended complaint in the above action, verified May 26, 1961, alleges that the parties were married on July 1, 1954 and sets forth three causes of action, the first and second to annul the marriage on the ground of fraud and the third for separation on the ground of cruel and inhuman treatment.
This is a motion to dismiss the first cause of action on the ground that it does not state facts sufficient to constitute a cause of action. The alleged fraud in the first cause of action consists of defendant’s claimed concealment from plaintiff, prior to the marriage, of the fact that defendant’s mother had been for many years a patient at the Ogdensburg State Hospital for mentally incompetent persons and that her mother was a mentally incompetent person. It is also alleged that the concealment was for the purpose of inducing plaintiff to enter into the marriage, and that had he known of the mother’s condition and confinement he would not have married defendant. There is no claim that defendant was or is incompetent.
For the purpose of this motion, the truth of every material allegation of fact contained in the first cause of action is deemed to be admitted by the defendant. (Nevins, Inc. v. Kasmach, 279 N. Y. 323, 325.)
In Woronzoff-Daschkoff v. Woronzoff-Daschkoff (303 N. Y. 506) the Court of Appeals said at page 511: “But this is a suit to annul a marriage for fraud, and, while we have, for better or worse, retreated (di Lorenzo v. di Lorenzo, 174 N. Y. 467 ; Shonfeld v. Shonfeld, 260 N. Y. 477, 481) from the old idea that marriages can be voided only for frauds going to the essentials of marriage, that is, consortium and cohabitation, it is, nonetheless, still the law in New York that annulments are decreed, not for any and every kind of fraud (Mirizio v. Mirizio, 242 N. Y. 74, 80 ; Svenson v. Svenson, 178 N. Y. 54, 59) but *797 for fraud as to matters ‘ vital ’ to the marriage relationship only (Lapides v. Lapides, 254 N. Y. 73, 80).” (Emphasis supplied.)
Although the courts have held that the failure of a spouse to reveal that he or she has been treated for a mental disorder is a matter “vital” to the marriage relationship and constitutes grounds for an annulment (Schaeffer v. Schaeffer, 20 Misc 2d 662 ; Friedman v. Friedman, 187 Misc. 689 ; Smith v. Smith, 112 Misc. 371 ; Alter v. Alter, 250 App. Div. 428 ; Goldsmith v. Goldsmith, 279 App. Div. 579), there is no authority holding that concealment of the fact that a spouse’s mother was mentally incompetent is also a matter vital to the marriage relationship and constitutes such a fraud as would vitiate the marriage.
In Natoli v. Natoli (72 N. Y. S. 2d 708, 709), plaintiff sought an annulment upon the alleged concealment by defendant of the fact that her sister and two brothers had all been confined in State mental institutions prior to the parties’ marriage. In denying the annulment the court said: 1 ‘ Marriage contracts that have been consummated by cohabitation are not to be lightly set aside. The fraud alleged must be material. I have been unable to find any authority holding that failure to reveal the condition of mental health of the members of one’s family is misrepresentation of a fact material to the contract of marriage. The concealment must bear directly upon the fitness of the party to enter into the marriage state.”
Plaintiff relies upon Smith v. Smith (supra) which is clearly distinguishable. In that case the basis for the annulment pleaded in the complaint was the concealment of defendant’s own treatment for a mental or nervous disorder shortly prior to her engagement. Upon the trial it also appeared that defendant had failed to reveal that her brother and sister had been confined to a mental institution. Inasmuch as a judgment for plaintiff, if granted, must be predicated upon the facts alleged in the complaint (Walrath v. Hanover Fire Ins. Co., 216 N. Y. 221, 225), it is apparent that the annulment awarded in the Smith case was based upon the concealment of defendant’s own condition and not the facts concerning other members of her family. A careful reading of the opinion confirms this conclusion.
The decision reached in the Natoli case seems to this court to be a proper one in view of the serious nature of the contract sought to be avoided.
Accordingly, the motion to dismiss the first alleged cause of action is granted.