THERESA M. SHAFF, Plaintiff, *v.* CHARLES L. SHAFF, Defendant.

Supreme Court, Erie County, November 27, 1940.

*Samuel M. Fleischman*, for the plaintiff.

*Sanders, Hamilton, Dobmeier, Connelly & McMahon [J. Eugene McMahon* of counsel], for the defendant.

MALONEY, J. Defendant moves to confirm the report and findings made by an official referee of this court upon motions made by each of the parties herein. The defendant moves to modify a judgment of annulment granted to the plaintiff against the defendant, by striking out that part thereof wherein the defendant is ordered to pay for the support and maintenance of the plaintiff. The plaintiff moves to set aside and vacate the judgment of annulment aforesaid granted November 22, 1938, by reason of the fraud and deceit of the defendant in procuring plaintiff to obtain the judgment aforesaid.

The official referee reports that the parties married April 22, 1935, and lived together until October 8, 1938; plaintiff brought an action in annulment against the defendant under section 1141 of the Civil Practice Act on the ground of the physical incapacity of defendant. Before bringing the action, she consulted her parish

priest relative to defendant's impotency and was advised by him to consult an attorney. She talked to defendant relative to her obtaining an annulment of their marriage and later the parties met at the office of plaintiff's attorney and discussed their problem. It then appeared that plaintiff did not want to bring the within action unless some provision was made by her husband for her support and maintenance. The parties were informed by plaintiff's attorney that there was no provision in the statutes of this State wherein the court was authorized to grant the same. The plaintiff insisted unless provision was made for her support and maintenance she would not proceed with an annulment action. The official referee further found that the parties entered into a written agreement relative thereto, viz.: " It is agreed between the parties hereto in consideration of the commencement of the action for annulment of marriage, and in view of the financial condition of Mrs. Shaff, that the sum of ten dollars a week shall be paid by the defendant in the action of Shaff v. Shaff, to the plaintiff, as long as she shall remain unmarried, and that the provision for this payment shall be incorporated in the judgment annulling the marriage in this case."

On November 21, 1938, the interlocutory judgment herein was granted, signed and entered on November 22, 1938. Said judgment contained this provision: " Ordered, Adjudged and Decreed that the defendant herein shall pay to the plaintiff the sum of Ten Dollars ($10.00) per week for her maintenance and support as long as she shall remain unmarried, that being the agreement entered into between the parties hereto, said payments to start immediately." The defendant paid the plaintiff ten dollars per week until the judgment became final, and thereafter refused to pay plaintiff.

I concur with the report of the official referee and grant the motion of the defendant to modify the judgment herein by striking therefrom the provision thereof requiring the defendant to pay plaintiff the sum of ten dollars per week. The court had no power or authority to include such provision in the judgment. I am of the opinion, however, that the cases cited in the aforesaid report apply only to collusive agreements to obtain a divorce and not to an agreement to obtain an annulment such as the agreement above.

A judgment of divorce in this State may be granted only upon proof of adultery committed by the defendant. Section 1153 of the Civil Practice Act provides for proof in addition to that of the alleged adultery relative thereto. Subdivision 3 of section 7 of the Domestic Relations Law provides: " A marriage is void from the time its nullity is declared by a court of competent jurisdiction if either party thereto: * * * 3. Is incapable of entering into the married state from physical cause."

Section 1141 of the Civil Practice Act provides: " Action to annul a marriage on the ground that one of the parties was physically incapable of entering into the marriage state may be maintained by the injured party against the party whose incapacity is alleged; or such an action may be maintained by the party who was incapable against the other party, provided the incapable party was unaware of the incapacity at the time of marriage, or if aware of such incapacity, did not know it was incurable." There was no showing on the motion that defendant was aware that such incapacity was incurable.

Section 1143 of the Civil Practice Act provides for proof required for judgment by default in an action to annul a marriage. It is apparent from the foregoing that the agreement herein was not collusive. There could be no collusive agreement to obtain an annulment in the instant case wherein both of the parties had a right to bring such an action. It is to be observed that the defendant makes no claim other than that the agreement was collusive and void. The Century Dictionary defines " collusive " "as fraudulently concerted or secretly entered into between two or more." (15 C. J. S. p. 233.) I do not concur in that part of the official referee's report to the effect that the contract was collusive.

I am of the opinion that the agreement is a valid and legal contract. Defendant knew prior to the marriage that he was physically incapacitated and he remained silent when he should have spoken. He perpetrated a fraud on the plaintiff when he married her and later lulled her into security when he entered into the agreement *supra.* He knew then that she was without funds or means of supporting herself; he falsely represented to plaintiff by entering into the agreement in question in effect that he intended to provide for her support and maintenance as therein provided, and immediately after the judgment became final he seeks to void the contract and not the annulment.

It is sound public policy for a husband to enter into an agreement such as the within contract to support his wife and keep her off relief. The plaintiff's motion to set aside the judgment of annulment is denied. The contract entered into between the parties is a good and valid legal contract.

The motion of defendant to confirm the report of the official referee is granted in so far as such report is in accord with the opinion herein and denied as to the remainder thereof.

Let orders enter accordingly, without costs to either party as against the other.