Frank Del Vecchio, J.
In this action the plaintiff, J. Albert Schaefer, seeks to declare a separation agreement null and void on the ground that it does not survive a decree of annulment; the defendant, Thelma K. Schaefer, asks for judgment on a counterclaim to recover back payments under the agreement.
Briefly, the facts which give rise to this action are as follows:
In 1948 plaintiff was graduated from a medical college and commenced interning at a hospital where he met the defendant, whom he married in 1949. The wife continued to work until 1953 and supported the husband while he continued his studies to become a specialist.
As a result of unhappy differences the parties separated in June, 1955 and thereafter, on July 6,1955, entered into a separation agreement, a copy of which is annexed to the complaint, providing among other things that the husband pay to the wife the sum of $300 per month until she is able to support herself or remarries. Paragraph 10 reads as follows: “ 10. If at any future time either party shall obtain a Divorce or Annulment from the other, in the State of New York, or elsewhere, that in such event, this agreement and all the terms and conditions hereof, shall be made a part of the final judgment or Decree.”
There is no claim in the complaint that the agreement was not binding and valid when executed and the husband recognized its validity by making the monthly payments until April, 1956.
While the agreement was in full force and effect the wife commenced an action to annul the marriage on the ground of fraud and misrepresentation and a decree of annulment was granted by default upon the testimony of the wife and a doctor friend and associate of the husband. The decree does not provide for support of the wife and makes no mention of the separation agreement. Upon the decree becoming final the husband stopped making the monthly payments, taking the position that the decree of annulment relieved him of the duty to support under the agreement.
*1087 The wife is still unmarried and unable to support herself. Therefore the sole question in the case is whether the decree of annulment relieves the husband from the provisions for support contained in the separation agreement.
In the opinion of this court it does not.
It is well settled that by reason of the marriage relation there is imposed on the husband the duty to support and maintain the wife in conformity with his condition and station in life (Garlock v. Garlock, 279 N. Y. 337) and that a separation agreement lawful in form and apparently valid which fixes an amount for support will be enforced and treated as the proper measure of compensation so long as it remains unrevoked, even though the marital relationship between the parties is subsequently terminated by divorce. (Jackson v. Jackson, 290 N. Y. 512; Cain v. Cain, 188 App. Div. 780 [4th dept.]; Hettich v. Hettich, 304 N. Y. 8, 14.)
Since 1894, section 1155 of the Civil Practice Act, and prior thereto the Code of Civil Procedure (§ 1759), have provided that in an action for divorce brought by the wife the court may require the husband to support the wife as justice requires.
There was no such authority in an action for annulment until 1940, when the Legislature added section 1140-a to the Civil Practice Act which provides that in an action for annulment the court may give such direction for the support of the wife by the husband as justice requires.
Prior to the enactment of this section, a decree of annulment relieved the husband of the obligation to support his wife on the ground that such a decree put an end to the marriage from the beginning. (Sleicher v. Sleicher, 251 N. Y. 366.) But now the court has the same authority in annulment actions which it has in an action for divorce. (Johnson v. Johnson, 295 N. Y. 477.) In Lynn v. Lynn (302 N. Y. 193) the court said at page 201: “A divorce decree may be completely effective to dissolve a marriage and yet completely ineffectual to alter certain legal and economic incidents of that marriage.”
In Gaines v. Jacobsen (308 N. Y. 218) at page 225 the court said: “By writing section 1140-a into the law, the legislature has chosen, without regard to whether the marriage is void or voidable, to attach to annulled marriages sufficient validity and significance to support an award of alimony, in other words, to serve, the same as any valid marriage would, as the foundation of a continuing duty to support the wife after the marriage is terminated. (See Johnson v. Johnson, 295 N. Y. 477.) It has declared, in effect, that, for the purpose of sustaining a right to support after annulment, the annulled marriage is no longer *1088 to be deemed a nullity, ' effaced as if it had never been. ’ In so doing, the legislature has destroyed the very foundation of the Sleicher decision.”
Thus, an annulment no longer wipes out a marriage as if it had never been; there may remain certain legal and economic incidents of the marriage. “ The fiction that annulment effaces a marriage ‘ as if it had never been ’ is sometimes given effect and sometimes ignored, as the ‘ purposes of justice. ’ are deemed to require.” (Gaines v. Jacobsen, supra, p. 225.)
This court is of the opinion that now the husband may be required to support his wife after the marriage is terminated, whether by divorce or annulment, and that this obligation may be provided for either in the decree of the court or by a separation agreement placing financial responsibility according to the desires and the means of the parties. (Schnitzer v. Buerger, 237 App. Div. 622.)
The wife could have applied for support in the annulment action and had the provisions of the agreement included in the decree. Her failure to do so had no effect and could not relieve the husband of his obligation to support her. (Rubinfeld v. Rubinfeld, 264 App. Div. 888, appeal dismissed 289 N. Y. 838.) Instead she chose to rely upon the fixed contractual obligation the husband voluntarily assumed as part of the separation agreement which may be enforced in the same manner as other contractual obligations. (Goldman v. Goldman, 282 N. Y. 296, 303.) In this circumstance, the court can perceive no reason why for the “ purposes of justice ” it should not attach sufficient validity to the annulled marriage to serve as the foundation for a continuing duty to support voluntarily undertaken by the husband. (See Separation Agreement, par. 10.)
The cases cited by the plaintiff are not controlling; they merely follow the 1929 opinion in the Sleicher case (supra) which has been changed by the enactment of section 1140-a. Since this court has concluded that an annulment like a divorce may dissolve the marriage without effecting all the legal and economic incidents thereof, no reason exists why a separation agreement may not survive a decree of annulment.
The plaintiff’s complaint is therefore dismissed and the defendant is awarded judgment on her counterclaim in the sum of $2,400, with interest on each $300 payment from the date of default.
Order accordingly.