Francis J. Donovan, J.
Plaintiff moves for summary judgment in an action for arrears in payments due under a separation agreement. The only substantial issue presented on the motion is the sufficiency of an affirmative defense. The defense is based on a judgment annulling the marriage on the ground of defendant’s fraud.
The agreement expressly provides that no subsequent judgment for annulment should abrogate the agreement and that neither party would attempt to enforce any judgment inconsistent with the agreement. Plaintiff made no request for support in the annulment action and no reference was made to the separation agreement in the annulment judgment.
Plaintiff contends that a separation agreement is enforcible according to its terms notwithstanding a subsequent decree annulling the marriage. He relies primarily upon Schaefer v. Schaefer (3 Misc 2d 1085).
Defendant counters with the classic argument that the judgment has annulled the marriage so that it is as though it had never been (Matter of Moncrief, 235 N. Y. 390). He then concludes that the agreement is invalidated because the consideration for defendant’s promise to make support payments, the marriage, never existed.
Prior to 1940 the latter argument may have had substance for the liability of the husband to contribute to the support of the wife was based on the marriage itself, no marriage, no liability. The enactment of section 1140-a of the Civil Practice Act in 1940 created a new liability by exposing the husband to liability for support in annulment actions despite the fact that the marriage might be declared void. This liability is adequate consideration for the compromise in the present agreement.
The parties clearly contemplated legal action to dissolve or terminate the marriage. This is crystal clear in the express language of the agreement. It is confirmed by the defendant’s failure to appear in, or contest, the annulment action. It is obvious that he preferred to adjust his liability at the liquidated, moderate sum of $15 per week rather than expose himself to the uncertainty of litigating the question of support.
*24 Sound public policy encourages such agreements (Shaff v. Shaff, 175 Misc. 339).
If additional consideration be needed to support the agreement such consideration is supplied by the defendant’s exposure to liability for damages resulting from his fraud and deceit in inducing the marriage (cf. Becker v. Becker, 207 Misc. 17).
The judgment of annulment did not by its terms, nor by logical extension, nor by implication of law, abrogate the separation agreement. Motion granted. Submit order.