Arthur, G. Klein, J.
This action was tried before me without a jury. Both parties waived findings of fact and conclusions of law.
The action seeks to recover payments previously made by the plaintiff husband to the defendant wife, for her and their infant child’s support under the provisions of a separation agreement, subsequently embodied in a foreign decree of divorce, on the grounds of mistake and fraud.
The parties were married in December, 1941, and the defendant’s daughter by a previous marriage, Nancy, was adopted by plaintiff in December, 1946. The plaintiff and defendant separated thereafter and, on December 31, 1948, entered into a separation agreement providing for the support of the defendant and Nancy in the amount of $541.66 per month.
The plaintiff and defendant were subsequently divorced in Nevada by a decree dated May 17, 1949, which, in part, provided that the agreement of December, 1948, was ratified, confirmed and approved, and made a part of said decree. The 1948 agreement provided that the monthly payments to the defendant should continue until the happening of any of certain designated events, one of which was ‘ ‘ until the said, child married ’ ’. It further provided that upon the happening of such event the plaintiff’s obligation to support Nancy would cease and that thereafter 1 ‘ the obligation of the husband to support the wife shall continue in accordance with law.”
On September 1, 1954, the infant, over the age of 16 but under the age of 18 married without the consent of either parent. Defendant claims she was unaware of said marriage and that upon learning of it, annulment proceedings were immediately commenced by her as guardian ad litem. A decree of annulment issued on February 7, 1955, and became final on May 7, 1955. The plaintiff did not know of Nancy’s marriage and claims that he did not learn of it until just prior to the commencement of this action in March, 1959. Nancy married a second time on September 1, 1957.
The plaintiff now sues to recover the moneys he has paid to defendant since September, 1954, the date of the annulled marriage.
*325 A reading of the separation agreement, and the circumstances of the parties as well as the purposes sought to be achieved by the agreement, make it clear that the words 11 until the said child marries ” cannot be taken at their face value. In the construction of written contracts, it is the duty of the court, as near as may be, to place itself in the situation of the parties, and from a consideration of the surrounding circumstances, the occasion and apparent object of the parties, to determine the meaning and intent of the language employed. Indeed, the great object and practically the only foundation of rules for the construction of contracts is to arrive at the intention of the parties (Gillet v. Bank of America, 160 N. Y. 549).
The conclusion is inescapable that it was the plaintiff’s intention to provide support for his wife and for his adopted daughter so long as the latter remained a member of her mother’s household and until she became 21 years of age, or until she married and thus would be dependent upon her husband for support. The fact of her marriage, while she was yet under age and without the consent of her mother or of the plaintiff, is not such a marriage as is contemplated within a realistic construction of the phrase “until said child marries”.
The infant, who apparently lived at home after said marriage and during the pendency of the annulment proceeding’, was entitled to support from her parents during the pendency of the annulment action instituted by her mother as guardian ad litem. The final decree of annulment put an end to her marriage from the beginning (Matter of Moncrief, 235 N. Y. 390; Schaefer v. Schaefer, 3 Misc 2d 1085). By the decree her status became the same as if she had never married. The case of Gaines v. Jacobsen (308 N. Y. 218) relied on by the plaintiff involved a separation agreement which survived a divorce decree. Subsequently the wife remarried but the second marriage was later annulled on the ground of fraud. It was there held that the husband’s obligation (under the separation agreement) to support his wife “until she shall remarry ’ ’ was extinguished despite the later annulment of her second marriage. The Gaines case has no application here, as in this case the infant was entitled to the support of her father. Nor are the other cases cited by plaintiff concerning the duty of a husband to support his wife after the latter’s remarriage controlling here.
In view of the clear intention of the parties in entering into the separation agreement, the fact that plaintiff in the present action did not know of the marriage entered into by Nancy in 1954, does not constitute such a mistake as would warrant a rescission and cancellation of the agreement.
*326 Nor does the fact that defendant did not tell the plaintiff of such marriage establish sufficiently that defendant was guilty of fraud. Fraud will not be presumed, and he who alleges fraud must prove it by a fair preponderance of the credible evidence. There is here neither proof of deliberate concealment of material facts with intent to defraud, nor is there evidence of reckless disregard of the truth (Chemical Corn Exch. Bank v. Wassung, 7 N Y 2d 337; Nasba Corp. v. Harfred Realty Corp., 287 N. Y. 290).
Plaintiff’s obligation to support his wife under the decree of divorce incorporating the terms of the separation agreement, specifically surviving the divorce, is not abrogated by the annulled marriage of his adopted daughter, and his payments of the amounts due under the agreement subsequent to such marriage do not constitute such a mistake of fact as will support an action at law to recover the amounts paid.
Nor is there any actionable fraud in the wife’s nondisclosure of the marriage under the particular facts and circumstances of this case.
The complaint is, accordingly, dismissed on the merits, on the facts and the law. Judgment should be entered in accordance with the foregoing which constitutes the decision of the court as required by section 440 of the Civil Practice Act.