## KAUFMAN v. KAUFMAN.

### No. 9448.

United States Court of Appeals District of Columbia.

Argued Oct. 13, 1947.

Decided Nov. 24, 1947.

Mr. David G. Bress, of Washington, D. C., with whom Messrs. Alvin L. Newmyer, Lewis H. Shapiro and Alvin L. Newmyer, Jr., all of Washington, D. C., were on the brief, for appellant.

Mr. Henry H. Brylawski, of Washington, D. C., appeared for appellee.

Before EDGERTON, Associate Justice, MARIS, Circuit Judge, and PRETTYMAN, Associate Justice.

MARIS, Circuit Judge.

The plaintiff appeals from a judgment of the district court dismissing her complaint which sought an annulment of her marriage to the defendant on the ground of matrimonial incapacity or, in the alternative, a limited divorce from the defendant on the ground of cruelty.

At the trial the plaintiff testified that on their honeymoon the defendant refused to have sexual relations with her, that later he tried to have such relations with her but was never able to do so and that on the advice of a physician she left him a little more than four months after their marriage. The plaintiff's evidence was corroborated by the record of a prior annulment suit against the defendant in which a former wife obtained from the district court a judgment annulling her marriage to him upon the ground of fraudulent misrepresentation of his matrimonial capacity. The defendant offered no evidence.

In addition to her own testimony the plaintiff offered the evidence of a psychiatrist, Dr. Elmer Klein, who had examined both the parties. Dr. Klein stated that he found the defendant suffering from a nervous disorder, psychoneurosis, with neurasthenia, and a hypochondriacal type of reaction, and that the defendant gave him a history of inability to have sexual relations with his wife. He found no physical evidence of incapacity, however. Dr. Klein was then asked whether the defendant was matrimonially incapacitated at the time of his marriage. The trial justice declined to permit the question to be answered upon the ground that the answer would necessarily be based solely upon the defendant's statements and would, therefore, be inadmissible as hearsay.

Declining to permit the plaintiff to offer evidence in support of her charge of cruelty, the trial justice, without more ado, dismissed the complaint. In doing so he erred.

■ The courts have long recognized the fact that impotence is frequently the result of psychogenic causes.[1] Indeed one medical authority states that most cases of impotence seen by urologists are of the psychic type rather than the result of physical defects. The same authority says that in some such cases individuals who have imagined and convinced themselves that they are impotent may by the force of such mental conviction be unable to perform the sexual act although in reality nothing but their state of mind prevents them from doing so.[2] In diagnosing such a subjective condition the physician must necessarily rely largely upon the history and symptoms described to him by the patient. Accordingly it was proper for Dr. Klein to base his diagnosis as to the defendant's impotence upon the history and symptoms which the latter related to him[3] and the trial justice should have permitted him to answer the question propounded to him.

■ We think that the case need not be remanded for a new trial, however, since the record contains in the testimony of the plaintiff direct evidence of the defendant's impotence which the trial justice should have considered and which, since it was not only uncontradicted but was in fact corroborated by the previous decree of the district court, was amply sufficient to require a judgment of annulment. Since the plaintiff is entitled to such a judgment it is unnecessary for us to pass upon the action of the trial justice in declining to permit the plaintiff to testify in support of her charge of cruelty.

The judgment is reversed and the cause is remanded to the district court with directions to enter a judgment annulling the plaintiff's marriage to the defendant.

---

[1] G-s. v. T-e., 1 Sp.Ecc. & Ad. 391, 164 Eng.Rep. 224, (1854); G. v. G., L. R., 2 P. & D. 287 (1871); Tompkins v. Tompkins, 1920, 92 N.J.Eq. 113, 111 A. 599; Vanden Berg v. Vanden Berg, 1923, Sup., 197 N.Y.S. 641; G. v. G., L. R. (1924) A.C. 349; Grobart v. Grobart, 1931, 107 N.J.Eq. 446, 152 A. 858; Hiebink v. Hiebink, Sup., 56 N.Y.S.2d 394, affirmed 1945, 269 App.Div. 786, 56 N. Y.S.2d 397; "Impotence and Sterility" by G. Frank Lydston, M. D., D.C.L. (1917) at p. 116.

[2] Joseph Welfeld, M. D., "Psychic Impotence in the Male", 58 Illinois Medical Journal, 134, 136 (1930).

[3] See 3 Wigmore on Evidence, 3d Ed., § 688.